The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1) Under 41 O.S. 1978 The Residential Landlord Tenant Act; specifically 41 O.S. 115 [41-115], are the fines imposed on a landlord remedial or penal penalties (i.e., is the fine imposed the property of the State, or some other political sub-division thereof) ? 2) What constitutes misappropriation under 41 O.S. 115 [41-115](a) (1978)? Must said misappropriation be intentional or can it be inadvertent? Section 41 O.S. 115 [41-115] of The Residential Landlord Tenant Act relates to damage and security deposits and provides as follows: "A. Any damage or security deposit required by a landlord of a tenant must be kept in an escrow account for the tenant which account shall be maintained with a federally insured financial institution. Misappropriation of the security deposit shall be unlawful and punishable by a term in county jail not to exceed six (6) months and by a fine in an amount not to exceed twice the amount misappropriated from the escrow account." The statute itself states that misappropriation of the security deposit is an offense punishable by both a jail term to be served in the county jail and a fine. A fine is defined as a "pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime or a misdemeanor." Holliman v. Cole, Okl., 34 P.2d 597 (1934). As such, it is punishment for an offense against the public. As with all fines imposed by the District Court, said fine would be deposited in the court fund, pursuant to 20 O.S. 1301 [20-1301] (1971), in the county in which the fine is imposed. Your second question speaks to the use of the term misappropriation, and whether or not an act of misappropriation must be intentional. The word "misappropriation" is not defined within the act itself, thus, in order to determine what is necessary to constitute misappropriation it is necessary to look at the statute, as well as similar situations where the term has been defined. The Act states that if a landlord requires the tenant to put up a security deposit, then that deposit must be placed in an escrow account. Thus, it appears from the language. of the statute, that the failure to place a security deposit in the escrow account constitutes misappropriation. The term misappropriation was applied by the Oregon Supreme Court to the act of an administrator who transferred funds belonging to another into his personal account for his own personal use. First National Bank of Portland v. Connally, 138 P.2d 613 (1943). Thus, misappropriation involves the use of funds belonging to another for personal purposes, as well as failure of the landlord to place a security deposit in an escrow account. Your second question also inquires whether the act of misappropriation must be intentional. Generally, to constitute a crime, the act must be accompanied by a criminal intent on the part of the accused. Morissette v. United States, 342 U.S. 246, 96 L.Ed. 288, 72 S.Ct. 24
(1952). In Morissette, the Court, by way of dictum, related that courts have consistently retained the requirement of intent in larceny-type offenses. The crime of misappropriation falls within the group of theft-related crimes such as larceny and embezzlement; and, therefore, intent is an element of the crime. Intent, in all cases, is a question of fact to be determined on a case-by-case basis. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: (1) The fines imposed under 41 O.S. 115 [41-115] (1978) are penal in nature and as such are paid into the court fund in the county which imposes the fine. (2) Failure of a landlord to place a security deposit in an escrow account, or the use of the security deposit for purposes other than those allowed by the statute, constitute misappropriation. Intent is an element of misappropriation. (Kay Harley Jacobs)